IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re ZYNGA INC. SECURITIES LITIGATION

No. C 12-04007 JSW

This Document Relates To:

ALL ACTIONS.

**ORDER APPOINTING DAVID FEE AS LEAD PLAINTIFF AND APPROVING SELECTION OF LEAD COUNSEL**

Now before the Court are the motions filed by (1) David Fee; (2) Black Creek Drilling, Inc.; (3) Tri Minh Luu; and (4) Gulamali and Farida Malam for appointment of lead plaintiff pursuant to section 21D(a)(3)(B) of the Securities Exchange Act of 1934 and Section 27(a)(3)(B) of the Securities Act of 1933 as amended by the Private Securities Litigation Reform Act ("PSLRA") and for approval of their selection of counsel. The Court finds these motions suitable for disposition without oral argument and therefore VACATES the hearing date of February 15, 2013. N.D. Civ. L.R. 7-1(b). Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby appoints David Fee as lead plaintiff.

**ANALYSIS**

**A.   Lead Plaintiff.**

The selection of lead plaintiff and approval of lead counsel must comply with the requirements of the PSLRA. *See* 15 U.S.C. § 78u-4. The PSLRA provides that "the court shall

1    appoint as lead plaintiff the member or members of the purported class that the court determines
2    to be the most capable of adequately representing the interests of the class members." 15
3    U.S.C. § 78u-4(a)(3)(B)(I). The "'most capable' plaintiff – and hence the lead plaintiff – is the
4    one who has the greatest financial stake in the outcome of the case, so long as he meets the
5    requirements of [Federal Rule of Civil Procedure] 23." *In re Cavanaugh*, 306 F.3d 726, 729
6    (9th Cir. 2002). The statute, therefore, imposes a rebuttable presumption that the most capable
7    plaintiff is the class member with the largest financial interest in the relief sought by the class.
8    *Wenderhold v. Cylink Corp.*, 188 F.R.D. 577, 584 (N.D. Cal. 1999). Once such a plaintiff is
9    identified, Rule 23(a) requires that the plaintiff must assert claims or defenses that are typical of
10   the claims or defenses of the class and the court must find that the representative parties will
11   fairly and adequately protect the interests of the class. *Cavanaugh*, 306 F.3d at 730 n.5 (citing
12   Fed. R. Civ. P. 23(a)).

13   The presumptively most adequate plaintiff is the one who "has the largest financial
14   interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of
15   the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). If the Court
16   determines that the presumptive lead plaintiff does not meet the typicality of adequacy
17   requirement, the Court must then proceed to determine whether the plaintiff with the next lower
18   stake in the litigation has made a prima facie showing of typicality and adequacy. *Cavanaugh*,
19   306 F.3d at 731. A straightforward application of the statutory scheme "provides no occasion
20   for comparing plaintiffs with each other on any basis other than their financial stake in the
21   case." *Id.* at 732. Once the Court identifies the plaintiff with the largest financial stake in the
22   litigation, "further inquiry must focus on that plaintiff alone and be limited to determining
23   whether he satisfies the other statutory requirements." *Id.* This analysis need only be
24   preliminary at this stage in the proceedings and need not be as searching as the one triggered by
25   a motion for class certification. *Cf. In re Microstrategy Inc. Securities Litigation*, 110 F. Supp.
26   2d 427, 435 (E.D. Va. 2000).

27   In this matter, David Fee represents that he is the most adequate lead plaintiff, as defined
28   by the PSLRA, based on his losses of over $4,212,281 which resulted from the alleged wrongful

2

conduct in this matter. Black Creek Drilling, Inc. represents that it incurred total losses in the amount of $1,587, 682.72. Tri Minh Luu represents that he expended more than $918,000 purchasing 130,500 shares of Zynga stock. Gulamali and Farida Malam represent that they incurred losses of approximately $223,786 stemming from their investments in Zynga.

At this stage of the litigation, David Fee is the clearly class member with the greatest financial stake in the outcome of the case and therefore the presumptive lead plaintiff. However, competing plaintiffs contend that David Fee is not an adequate lead plaintiff because his claims suffer from atypical defenses as a day trader and further he may be an inadequate representative if he lacks standing to sue on all causes of action raised in the underlying consolidated complaint.

However, the Court finds that whether David Fee is a day trader is inconsequential to his request to be appointed lead plaintiff. *See Serafimov v. Netopia, Inc.*, 2004 U.S. Dist. LEXIS 25184, at *17-19 (N.D. Cal. Dec. 3, 2004) (holding that the majority of cases, including the Ninth Circuit, have held that day traders may serve as class representatives and suffer as do other traders); *but see Appelstein v. Medivation, Inc.*, 2010 WL 3749406, at *3 (N.D. Cal. Sept. 20, 2010) (holding that the presumptive lead plaintiff was a day trader and therefore rebutted the presumption that he suffered the greatest loss). Further, without deciding the specific issues regarding standing, the Court finds that the lead plaintiff does not have to have standing to sue on all causes of action raised in the underlying complaint. *See Schueneman v. Arena Pharmaceuticals, Inc.*, 2001 U.S. Dist. LEXIS 87373, at *17 (S.D. Cal. Aug. 8, 2011).

Based upon a review of the record, the Court determines that class member David Fee is therefore the "most adequate plaintiff" pursuant to section 21D(a)(3)(B) of the Securities Exchange Act of 1934 appoints him as the Lead Plaintiff in this action.

**B.    Lead Counsel.**

The PSLRA provides that once the most adequate plaintiff is selected, the "most adequate plaintiff shall, subject to approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 784-u(a)(3)(B)(v). The decision to approve counsel selected by the lead plaintiff is a matter within the discretion of the district court. *See Wenderhold*, 188 F.R.D. at

3

1 587 (holding that the court "is charged with ensuring that the class receives quality
2 representation at a fair price and cannot, therefore, simply defer to lead plaintiff's choice of
3 counsel); *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071-72 (C.D. Cal. 1999)
4 (holding that the legislative history of the PSLRA reveals that Congress vested the district
5 courts with the authority to appoint lead counsel); *see also Vincelli v. National Home Health*
6 *Care Corp.*, 112 F. Supp. 2d 1309, 1315 (M.D. Fla. 2000) (stating that, in the exercise of its
7 discretion regarding approval of lead counsel, the court must inquire about the "appropriateness
8 of the appointment of more than one law firm").

9  David Fee has selected and retained the law firm of Newman Ferrar and Berman
10 DeValerio as co-lead counsel. As set forth in their resumes, the selection of counsel is highly
11 qualified to represent the class. (*See* Declaration of Norton, Exs. 4, 5, attaching firm resumes.)
12 The Court approves David Fee's retention of Newman Ferrar and Berman DeValerio and
13 appoints them as Co-Lead Counsel for the plaintiff class.

14  Lead Plaintiff's Counsel shall have authority to speak for, and enter into agreements on
15 behalf of, plaintiffs in all matters regarding pretrial procedures, discovery and settlement
16 negotiations. Lead Plaintiff's Counsel shall manage the prosecution of this litigation to avoid
17 duplicative or unproductive activities. Defendants' counsel may rely upon agreements made
18 with Lead Plaintiff's Counsel, and all such agreements shall be binding on all plaintiffs. Lead
19 Plaintiff's Counsel additionally shall be responsible for coordination of all activities and
20 appearances on behalf of plaintiffs and for dissemination of notices and orders, and shall be
21 responsible for communications with the Court. Finally, Lead Plaintiff's Counsel shall
22 maintain a master service list of all parties and counsel.

23  This Order shall apply to each case arising out of the same or substantially the same
24 transaction or events as these cases, which is subsequently filed or transferred in to this Court.
25 This Court requests the assistance of counsel in calling to the attention of the clerk of the Court
26 the filing or transfer of any case which might properly be consolidated as part of this action and
27 counsel are to assist in assuring that counsel in subsequent actions receive notice of this Order.
28

**CONCLUSION**

For the foregoing reasons, the Court GRANTS the motion of David Fee for appointment of Lead Plaintiff and Approval of Plaintiff's selection of counsel.

**IT IS SO ORDERED.**

Dated: January 22, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

Case3:12-cv-04007-JSW Document110 Filed01/23/13 Page6 of 6