1    JORDAN ETH (Bar No. 121617)
     Email:  JEth@mofo.com
2    ANNA ERICKSON WHITE (Bar No. 161385)
     Email:  AWhite@mofo.com
3    KEVIN A. CALIA (Bar No. 227406)
     Email:  KCalia@mofo.com
4    SAMUEL SONG (Bar No. 245007)
     Email:  SSong@mofo.com
5    MORRISON & FOERSTER LLP
     425 Market Street
6    San Francisco, California  94105-2482
     Telephone:    415.268.7000
7    Facsimile:     415.268.7522

8    Attorneys for Defendants
     ZYNGA INC., MARK PINCUS, DAVID M. WEHNER, JOHN
9    SCHAPPERT, MARK VRANESH, WILLIAM GORDON,
     REID HOFFMAN, JEFFREY KATZENBERG, STANLEY J.
10   MERESMAN, SUNIL PAUL, and OWEN VAN NATTA

11                        UNITED STATES DISTRICT COURT

12                     NORTHERN DISTRICT OF CALIFORNIA

13

14

15   IN RE ZYNGA INC. SECURITIES          CLASS ACTION
     LITIGATION
16                                         Lead Case No. C 12-04007 JSW

17                                         Consolidated with Case Nos.
                                           C 12-04048 JSW, C 12-04059 JSW,
18   This Document Relates To:             C 12-04064 JSW, C 12-04066 JSW,
     All Actions.                          C 12-04133 JSW, C 12-04250 JSW
19
                                           ZYNGA DEFENDANTS' REQUEST FOR
20                                         JUDICIAL NOTICE IN SUPPORT OF
                                           THEIR MOTION TO DISMISS
21                                         PLAINTIFFS' CONSOLIDATED
                                           COMPLAINT
22
                                           Hearing:       August 30, 2013
23                                         Time:          9:00 a.m.
                                           Courtroom:     11, 19th Floor
24                                         Judge:         Hon. Jeffrey S. White

25

26

27

28

1

**REQUEST FOR JUDICIAL NOTICE**

2     Defendants Zynga Inc. ("Zynga") and Mark Pincus, David M. Wehner, John Schappert,

3   Mark Vranesh, William Gordon, Reid Hoffman, Jeffrey Katzenberg, Stanley J. Meresman, Sunil

4   Paul, and Owen Van Natta (the "Individual Defendants") (collectively, the "Zynga Defendants")

5   have moved to dismiss Plaintiffs' Consolidated Complaint (the "Complaint").  In support of their

6   Motion, the Zynga Defendants request that this Court take judicial notice, under Federal Rule of

7   Evidence 201, of certain documents attached as exhibits to the Declaration of Samuel Song in

8   Support of the Zynga Defendants' Motion to Dismiss Plaintiffs' Complaint (the "Song

9   Declaration").  The documents attached to the Song Declaration include:  (1) documents filed

10   with the United States Securities and Exchange Commission (the "SEC"); (2) press releases by

11   Zynga; (3) transcripts of investor communications and presentations; (4) media reports; and (5)

12   Zynga stock data.

13

**ARGUMENT**

14     When ruling on a motion to dismiss a securities fraud complaint, "courts must consider

15   the complaint in its entirety," including "documents incorporated into the complaint by reference,

16   and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights,*

17   *Ltd.*, 551 U.S. 308, 322 (2007); *Metzler Inv. GMBH v. Corinthian Coll., Inc.*, 540 F.3d 1049,

18   1055 n.1, 1064 n.7 (9th Cir. 2008).  Federal Rule of Evidence 201 authorizes this Court to take

19   judicial notice of facts that are "not subject to reasonable dispute" and either "(1) [are] generally

20   known within the trial court's territorial jurisdiction; or (2) can be accurately and readily

21   determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid.

22   201(b).

23     This Court may also consider documents that are not expressly incorporated into the

24   Complaint, but "upon which the plaintiff's complaint necessarily relies."  *Parrino v. FHP, Inc.*,

25   146 F.3d 699, 706 (9th Cir. 1998); *In re Versant Object Tech. Corp.*, No. C-98-00299-CW, 2000

26   U.S. Dist. LEXIS 22333, at *8-9 (N.D. Cal. May 18, 2000), *aff'd*, 56 Fed. Appx. 322 (9th Cir.

27   2003).  Individual paragraphs of the Song Declaration indicate which Complaint paragraphs

28   reference or rely on each exhibit.

The contents of each of the exhibits attached to the Song Declaration meet one or more of the foregoing standards, as discussed below.  Judicial notice is mandatory "if requested by a party and [the court is] supplied with the necessary information."  *Papai v. Harbor Tug & Barge Co.*, 67 F.3d 203, 207 n.5 (9th Cir. 1995), *rev'd sub nom. on other grounds*, 520 U.S. 548 (1997) (quoting Fed. R. Evid. 201(d)).

## I.   THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE ZYNGA DEFENDANTS' SEC FILINGS.

The Court should take judicial notice of the contents of **Exhibits 1-9** and **20-31** to the Song Declaration.  These exhibits consist of documents that the Zynga Defendants filed with the SEC.  SEC filings are matters of public record, and their contents may be judicially noticed. *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006); *In re Silicon Graphics Sec. Litig.*, 970 F. Supp. 746, 758 (N.D. Cal. 1997) (courts may "take judicial notice of the contents of relevant public disclosure documents required to be filed with the SEC as facts capable of accurate and ready determination").  This includes documents such as Forms 3 and 4.  *See In re Calpine Sec. Litig.*, 288 F. Supp. 2d 1054, 1075-76 (N.D. Cal. 2003) (Forms 3, 4, and 5 filed with the SEC were "suitable for the taking of judicial notice"); *Cement Masons & Plasterers Joint Pension Trust v. Equinix, Inc.*, No. 11-1016 SC, 2012 U.S. Dist. LEXIS 28094, at *25 n.5 (N.D. Cal. Mar. 2, 2012) (taking judicial notice of Form 4s).

The Court should also consider **Exhibits 1-9** to the Song Declaration because these documents contain cautionary language accompanying forward looking statements.  The Safe Harbor provision of the Private Securities Litigation Reform Act of 1995 provides that "the court shall consider any statement cited in the complaint and any cautionary statement accompanying . . . forward-looking statement[s], which are not subject to material dispute, cited by the defendant."  15 U.S.C. § 78u-5(e); *see also Emp'rs Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1132-33 (9th Cir. 2004); *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010) (the court is permitted to take "judicial notice of the content of relevant public disclosure documents required to be filed

1    with the SEC, as well as of press releases and conference call transcripts cited in the complaint

2    containing alleged 'safe harbor' warnings").

3        Moreover, the Court may consider **Exhibits 1-7, 20-23, 25,** and **29-31** to the Song

4    Declaration regardless of whether it takes judicial notice of the contents.  These documents are

5    incorporated by the Complaint or necessarily relied upon by the Complaint.  *See Tellabs*, 551

6    U.S. at 322.  The Court "may properly take judicial notice of SEC filings and documents

7    expressly referenced" in a complaint or even those not expressly referenced but on which

8    allegations necessarily rely.  *Calpine*, 288 F. Supp. 2d at 1076; *see also In re Silicon Graphics*

9    *Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (judicially noticing Form 4s from which

10    plaintiff "clearly gleaned . . . many of the facts regarding the officers' stock sales").

11 **II.      THE COURT SHOULD TAKE JUDICIAL NOTICE OF ZYNGA PRESS**

12          **RELEASES.**

13        The Court should take judicial notice of the contents of **Exhibits 10-13** to the Song

14    Declaration.  **Exhibits 10-13** are Zynga press releases.  "Courts in the Ninth Circuit routinely take

15    judicial notice of press releases."  *In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043,

16    1062 (C.D. Cal. 2012); *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 814, 817 (C.D. Cal.

17    2004) ("the Court may take judicial notice of press releases").

18        The Court should also consider **Exhibits 10-13** to the Song Declaration regardless of

19    whether it takes judicial notice of the contents.  **Exhibits 10** and **12-13** contain cautionary

20    language accompanying forward-looking statements and may be considered by the Court.  *See* 15

21    U.S.C. § 78u-5(e); *see also Clorox*, 353 F.3d at 1132-33; *Bare Escentuals*, 745 F. Supp. 2d at

22    1067.  The Court may also consider **Exhibits 10-13** because the Complaint expressly cites these

23    documents.  *See Tellabs*, 551 U.S. at 322; *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*,

24    880 F. Supp. 2d 1045, 1059 (N.D. Cal. 2012).

25 **III.     THE COURT SHOULD TAKE JUDICIAL NOTICE OF ZYNGA INVESTOR**

26          **COMMUNICATIONS.**

27        The Court should take judicial notice of the contents of **Exhibits 14-17** to the Song

28    Declaration.  **Exhibits 14-17** are transcripts of Zynga's recorded conference calls with investors.

1   The contents of the investor conference calls are "not subject to reasonable dispute" because they

2   can be "accurately and readily determined from sources whose accuracy cannot reasonably be

3   questioned."  Fed. R. Evid. 201(b); *Brodsky v. Yahoo! Inc.*, 630 F. Supp. 2d 1104, 1111 (N.D.

4   Cal. 2009) (taking judicial notice of the contents of conference calls with investors); *In re*

5   *Century Aluminum Co. Sec. Litig.*, 749 F. Supp. 2d 964, 979-80 (N.D. Cal. 2010) (same).

6        The Court should also consider **Exhibits 14-17** to the Song Declaration regardless of

7   whether it takes judicial notice of the contents.  **Exhibits 14-17** contain cautionary language

8   accompanying forward-looking statements and may be considered by the Court.  *See* 15 U.S.C.

9   § 78u-5(e); *see also Clorox*, 353 F.3d at 1132-33; *Bare Escentuals*, 745 F. Supp. 2d at 1067.

10  Moreover, the Court may also consider **Exhibits 14-17** because the Complaint expressly cites

11  these documents.  *See Tellabs*, 551 U.S. at 322.

### IV.    THE COURT SHOULD CONSIDER ADDITIONAL DOCUMENTS INCORPORATED BY REFERENCE INTO THE COMPLAINT.

14       The Court should also take judicial notice of the contents of **Exhibits 18-19** to the Song

15  Declaration.  **Exhibit 18** is an online blog post by Lloyd Melnick.  **Exhibit 19** is an article posted

16  on the website *Seeking Alpha* by Kevin Stevens.  The Complaint expressly cites to **Exhibits 18-**

17  **19**.  Thus the Court may properly take judicial notice of these documents.  *See Calpine*, 288 F.

18  Supp. 2d at 1076 (judicial notice is proper for "documents expressly referenced" in the

19  complaint).

### V.    THE COURT SHOULD TAKE JUDICIAL NOTICE OF PUBLICLY AVAILABLE ZYNGA STOCK DATA.

22       The Court should also take judicial notice of the contents of **Exhibits 32-33** to the Song

23  Declaration.  **Exhibit 32** is a table listing Zynga's stock prices from December 16, 2011 to July

24  26, 2012, obtained from the Yahoo! Finance website, http://finance.yahoo.com.  **Exhibit 33** is a

25  listing of Zynga's public float from March 30, 2012, to April 30, 2012, obtained from Bloomberg

26  Finance on May 10, 2013.  Stock data is "capable of accurate and ready determination by resort to

27  sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2); *Metzler*, 540

28  F.3d at 1064 n.7 (noting that a district court's judicial notice of a company's stock price was

1    "proper").  Furthermore, the Yahoo! Finance website and Bloomberg Finance are sources whose

2    accuracy cannot be reasonably questioned.  *In re Peerless Sys., Corp. Sec. Litig.*, 182 F. Supp. 2d

3    982, 989 n.2 (S.D. Cal. 2002) (taking judicial notice of "Yahoo! Finance Historical Quotes Chart"

4    when ruling on motion to dismiss); *Nguyen v. Radient Pharms. Corp.*, No. SA CV 11-0406 DOC,

5    2011 U.S. Dist. LEXIS 122533, at *6 n.3 (C.D. Cal. Oct. 20, 2011) (taking judicial notice of

6    stock price range obtained from Bloomberg).

7                                          **CONCLUSION**

8            For the foregoing reasons, the Zynga Defendants respectfully request that the Court take

9    judicial notice of the contents of **Exhibits 1-33** attached to the Song Declaration.

10

11   Dated: May 31, 2013                          MORRISON & FOERSTER LLP

12                                          By:      /s/  *Jordan Eth*
                                                   Jordan Eth
13
                                            Attorneys for the Zynga Defendants
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ECF ATTESTATION**

I, Samuel Song, am the ECF User whose ID and Password are being used to file this:

**ZYNGA DEFENDANTS' REQUEST FOR JUDICIAL
NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS
PLAINTIFFS' CONSOLIDATED COMPLAINT**

In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that Jordan Eth has

concurred in this filing.

Dated:  May 31, 2013                    MORRISON & FOERSTER LLP

By:  /s/  *Samuel Song*
                                                  Samuel Song