# Exhibit 20

EDGAR Online

# ZYNGA INC
Reported by
# PINCUS MARK J

## FORM 3
(Initial Statement of Beneficial Ownership)

Filed 12/15/11 for the Period Ending 12/15/11

| | |
|---|---|
| Address | 699 EIGHTH STREET<br>SAN FRANCISCO, CA 94103 |
| Telephone | 800-762-2530 |
| CIK | 0001439404 |
| Symbol | ZNGA |

Powered By EDGAR Online
http://www.edgar-online.com
© Copyright 2011, EDGAR Online, Inc. All Rights Reserved.
Distribution and use of this document restricted under EDGAR Online, Inc. Terms of Use.

| FORM 3 | UNITED STATES SECURITIES AND EXCHANGE COMMISSION<br>Washington, D.C. 20549 | OMB APPROVAL<br>OMB Number: 3235-0104<br>Expires: November 30, 2011<br>Estimated average burden hours per response... 0.5 |
|---|---|---|

## INITIAL STATEMENT OF BENEFICIAL OWNERSHIP OF SECURITIES

Filed pursuant to Section 16(a) of the Securities Exchange Act of 1934, Section 17(a) of the Public Utility Holding Company Act of 1935 or Section 30(h) of the Investment Company Act of 1940

| 1. Name and Address of Reporting Person *<br><br>**PINCUS MARK J** | 2. Date of Event Requiring Statement (MM/DD/YYYY)<br><br>12/15/2011 | 3. Issuer Name **and** Ticker or Trading Symbol<br><br>**ZYNGA INC [ZNGA]** |
|---|---|---|
| (Last)    (First)    (Middle)<br><br>**C/O ZYNGA INC., 699 EIGHTH STREET** | 4. Relationship of Reporting Person(s) to Issuer (Check all applicable)<br><br>__ X __ Director                                  ___ X ___ 10% Owner<br>___ X ___ Officer (give title below)      _____ Other (specify below)<br>**CEO, Chief Product Officer /** ||
| (Street)<br><br>**SAN FRANCISCO, CA 94103**<br><br>(City)    (State)    (Zip) | 5. If Amendment, Date Original Filed (MM/DD/YYYY) | 6. Individual or Joint/Group Filing (Check Applicable Line)<br><br>_ X _ Form filed by One Reporting Person<br>___ Form filed by More than One Reporting Person |

### Table I - Non-Derivative Securities Beneficially Owned

| 1. Title of Security (Instr. 4) | 2. Amount of Securities Beneficially Owned (Instr. 4) | 3. Ownership Form: Direct (D) or Indirect (I) (Instr. 5) | 4. Nature of Indirect Beneficial Ownership (Instr. 5) |
|---|---|---|---|

### Table II - Derivative Securities Beneficially Owned ( *e.g.*, puts, calls, warrants, options, convertible securities)

| 1. Title of Derivate Security (Instr. 4) | 2. Date Exercisable and Expiration Date (MM/DD/YYYY) || 3. Title and Amount of Securities Underlying Derivative Security (Instr. 4) || 4. Conversion or Exercise Price of Derivative Security | 5. Ownership Form of Derivative Security: Direct (D) or Indirect (I) (Instr. 5) | 6. Nature of Indirect Beneficial Ownership (Instr. 5) |
|---|---|---|---|---|---|---|---|
| | Date Exercisable | Expiration Date | Title | Amount or Number of Shares | | | |
| **Employee Stock Option (right to buy)** | (1) | 11/19/2018 | Class B Common Stock (2) (3) | 800000 | $0.1281 | D | |
| **Employee Stock Option (right to buy)** | (4) | 4/30/2019 | Class B Common Stock (2) (3) | 6400000 | $0.1706 | D | |
| **Class B Common Stock** | (2) (3) | (5) | Class A Common Stock | 53652912 | (2) (3) | D | |

**Table II - Derivative Securities Beneficially Owned** (*e.g.*, puts, calls, warrants, options, convertible securities)

| 1. Title of Derivate Security (Instr. 4) | 2. Date Exercisable and Expiration Date (MM/DD/YYYY) | | 3. Title and Amount of Securities Underlying Derivative Security (Instr. 4) | | 4. Conversion or Exercise Price of Derivative Security | 5. Ownership Form of Derivative Security: Direct (D) or Indirect (I) (Instr. 5) | 6. Nature of Indirect Beneficial Ownership (Instr. 5) |
|---|---|---|---|---|---|---|---|
| | Date Exercisable | Expiration Date | Title | Amount or Number of Shares | | | |
| **Class B Common Stock** | (2) (3) | (5) | Class A Common Stock | 2767300 | (2) (3) | I | See footnote (6) |
| **Class B Common Stock** | (2) (3) | (5) | Class A Common Stock | 27765634 | (2) (3) | I | See footnote (7) |
| **Class B Common Stock** | (2) (3) | (5) | Class A Common Stock | 350000 | (2) (3) | I | See footnote (8) |
| **Class C Common Stock** | (9) (10) | (5) | Class A Common Stock | 20517472 | (9) (10) | D | |

**Explanation of Responses:**

( 1 ) Of the 800,000 shares originally granted on November 19, 2008, 2.0833% of the shares subject to the option vested on January 1, 2009 and 2.0833% of the shares vest on the first day of each succeeding month thereafter, subject to the continued service to the Issuer through each vesting date.

( 2 ) Each share of Class B Common Stock is convertible at any time at the option of the Reporting Person into one share of Class A Common Stock and has no expiration date. Class B Common Stock will convert automatically into Class A Common Stock on the date on which the number of outstanding shares of Class B Common Stock and Class C Common Stock together represent less than 10% of the aggregate combined voting power of the Issuer's capital stock.

( 3 ) In addition, each share of Class B Common Stock will convert automatically into one share of Class A Common Stock upon (i) any transfer, whether or not for value, (subject to certain exceptions), or (ii) in the event of the death or disability (as defined in the amended and restated certificate of incorporation of the Issuer) of Mr. Pincus, shares of Class B Common Stock held by him or his permitted estate planning entities will convert to Class A Common Stock, provided that the conversion will be deferred for up to nine months following his death or disability so long as exclusive voting control of his shares of Class B Common Stock is being exercised by a group of voting trustees previously approved by the Issuer's board of directors.

( 4 ) Of the 6,400,000 shares originally granted, 2.0833% of the shares subject to the option vested on May 31, 2009 and 2.0833% of the shares vest on the first day of each succeeding month thereafter, subject to the continued service to the Issuer through each vesting date.

( 5 ) Not applicable.

( 6 ) 1,440,000 shares held directly by Alison Gelb Pincus and 1,327,300 shares held jointly by Mr. and Mrs. Pincus. Mr. Pincus holds shared voting and dispositive power with respect to the shares held jointly.

( 7 ) Shares held directly by Ogden Enterprises LLC. Mark Pincus serves as Manager and holds shared voting and dispositive power with respect to the shares held by Ogden Enterprises LLC.

( 8 ) Shares held directly by Digital Sky Technologies Limited. Mark Pincus has voting power pursuant to a voting agreement that will terminate upon the closing of the Issuer's inital public offering.

( 9 ) Each share of Class C Common Stock is convertible at any time at the option of the Reporting Person into one share of Class A Common Stock and has no expiration date. Class C Common Stock will convert automatically into Class A Common Stock on the date on which the number of outstanding shares of Class B Common Stock and Class C Common Stock together represent less than 10% of the aggregate combined voting power of the Issuer's capital stock.

( 10 ) In addition, each share of Class C Common Stock will convert automatically into one share of Class A Common Stock upon (i) any transfer, whether or not for value, (subject to certain exceptions), or (ii) in the event of the death or disability (as defined in the amended and restated certificate of incorporation of the Issuer) of Mr. Pincus, shares of Class C Common Stock held by him or his permitted estate planning entities will convert to Class A Common Stock, provided that the conversion will be deferred for up to nine months following his death or disability so long as exclusive voting control of his shares of Class C Common Stock is being exercised by a group of voting trustees previously approved by the Issuer's board of directors.

**Reporting Owners**

| Reporting Owner Name / Address | Relationships | | | |
|---|---|---|---|---|
| | Director | 10% Owner | Officer | Other |
| **PINCUS MARK J**<br>**C/O ZYNGA INC.**<br>**699 EIGHTH STREET**<br>**SAN FRANCISCO, CA 94103** | X | X | **CEO, Chief Product Officer** | |

**Signatures**

| /s/ Mark J. Pincus | 12/15/2011 |
|---|---|
| ** Signature of Reporting Person | Date |

Reminder: Report on a separate line for each class of securities beneficially owned directly or indirectly.

\* If the form is filed by more than one reporting person, *see* Instruction 5(b)(v).

\*\* Intentional misstatements or omissions of facts constitute Federal Criminal Violations. *See* 18 U.S.C. 1001 and 15 U.S.C. 78ff(a).

Note: File three copies of this Form, one of which must be manually signed. If space is insufficient, *see* Instruction 6 for procedure.

Persons who respond to the collection of information contained in this form are not required to respond unless the form displays a currently valid OMB control number.

# ZYNGA INC
Reported by
PINCUS MARK J

## FORM 4
(Statement of Changes in Beneficial Ownership)

Filed 04/04/12 for the Period Ending 04/03/12

|  |  |
|---|---|
| Address | 699 EIGHTH STREET<br>SAN FRANCISCO, CA 94103 |
| Telephone | 800-762-2530 |
| CIK | 0001439404 |
| Symbol | ZNGA |
| Fiscal Year | 12/31 |

Powered By EDGAR Online
http://www.edgar-online.com
© Copyright 2012, EDGAR Online, Inc. All Rights Reserved.
Distribution and use of this document restricted under EDGAR Online, Inc. Terms of Use.

| FORM 4 | UNITED STATES SECURITIES AND EXCHANGE COMMISSION<br>Washington, D.C. 20549 | OMB APPROVAL<br>OMB Number: 3235-0287<br>Estimated average burden hours per response... 0.5 |
|---|---|---|

[ ] Check this box if no longer subject to Section 16. Form 4 or Form 5 obligations may continue. *See* Instruction 1(b).

## STATEMENT OF CHANGES IN BENEFICIAL OWNERSHIP OF SECURITIES

Filed pursuant to Section 16(a) of the Securities Exchange Act of 1934,
Section 17(a) of the Public
Utility Holding Company Act of 1935 or Section 30(f) of the
Investment Company Act of 1940

| 1. Name and Address of Reporting Person *<br>**PINCUS MARK J**<br>(Last)   (First)   (Middle)<br>**C/O ZYNGA INC., 699 EIGHTH STREET**<br>(Street)<br>**SAN FRANCISCO, CA 94103**<br>(City)   (State)   (Zip) | 2. Issuer Name **and** Ticker or Trading Symbol<br>**ZYNGA INC [ ZNGA ]**<br>3. Date of Earliest Transaction (MM/DD/YYYY)<br>**4/3/2012**<br>4. If Amendment, Date Original Filed (MM/DD/YYYY) | 5. Relationship of Reporting Person(s) to Issuer (Check all applicable)<br>__ X __ Director   __ X __ 10% Owner<br>__ X __ Officer (give title below)   ____ Other (specify below)<br>**CEO, Chief Product Officer**<br>6. Individual or Joint/Group Filing (Check Applicable Line)<br>_ X _ Form filed by One Reporting Person<br>___ Form filed by More than One Reporting Person |
|---|---|---|

### Table I - Non-Derivative Securities Acquired, Disposed of, or Beneficially Owned

| 1.Title of Security (Instr. 3) | 2. Trans. Date | 2A. Deemed Execution Date, if any | 3. Trans. Code (Instr. 8) | | 4. Securities Acquired (A) or Disposed of (D) (Instr. 3, 4 and 5) | | | 5. Amount of Securities Beneficially Owned Following Reported Transaction (s) (Instr. 3 and 4) | 6. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 7. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Code | V | Amount | (A) or (D) | Price | | | |
| Class A Common Stock | 4/3/2012 | | C | | 16500000 | A | $0.00 (1) (2) | 16500000 | D | |
| Class A Common Stock | 4/3/2012 | | S | | 16500000 | D | $11.64 (3) | 0 | D | |

### Table II - Derivative Securities Beneficially Owned ( *e.g.*, puts, calls, warrants, options, convertible securities)

| 1. Title of Derivate Security (Instr. 3) | 2. Conversion or Exercise Price of Derivative Security | 3. Trans. Date | 3A. Deemed Execution Date, if any | 4. Trans. Code (Instr. 8) | | 5. Number of Derivative Securities Acquired (A) or Disposed of (D) (Instr. 3, 4 and 5) | | 6. Date Exercisable and Expiration Date | | 7. Title and Amount of Securities Underlying Derivative Security (Instr. 3 and 4) | | 8. Price of Derivative Security (Instr. 5) | 9. Number of derivative Securities Beneficially Owned Following Reported Transaction (s) (Instr. 4) | 10. Ownership Form of Derivative Security: Direct (D) or Indirect (I) (Instr. 4) | 11. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Code | V | (A) | (D) | Date Exercisable | Expiration Date | Title | Amount or Number of Shares | | | | |
| Class B Common Stock | (1) (2) | 4/3/2012 | | C | | | 16500000 | (1) (2) | (1) (2) | Class A Common Stock | 16500000 | $0.00 | 37152912 | D | |
| Class B Common Stock | (1) (2) | | | | | | | (1) (2) | (1) (2) | Class A Common Stock | 1440000 | | 1440000 | I | See footnote (4) |
| Class B Common Stock | (1) (2) | | | | | | | (1) (2) | (1) (2) | Class A Common Stock | 1327300 | | 1327300 | I | See footnote (5) |
| Class B Common Stock | (1) (2) | | | | | | | (1) (2) | (1) (2) | Class A Common Stock | 27765634 | | 27765634 | I | See footnote (6) |

**Explanation of Responses:**

( 1 ) Each share of Class B Common Stock is convertible at any time at the option of the Reporting Person into one share of Class A Common Stock and has no expiration date. Class B Common Stock will convert automatically into Class A Common Stock on the date on which the number of outstanding shares of Class B Common Stock and Class C Common Stock together represent less than 10% of the

aggregate combined voting power of the Issuer's capital stock.

( 2 ) In addition, each share of Class B Common Stock will convert automatically into one share of Class A Common Stock upon (i) any transfer, whether or not for value, (subject to certain exceptions), or (ii) in the event of the death or disability (as defined in the amended and restated certificate of incorporation of the Issuer) of Mr. Pincus, shares of Class B Common Stock held by him or his permitted estate planning entities will convert to Class A Common Stock, provided that the conversion will be deferred for up to nine months following his death or disability so long as exclusive voting control of his shares of Class B Common Stock is being exercised by a group of voting trustees previously approved by the Issuer's board of directors.

( 3 ) Each share of Class A Common Stock was issued upon conversion of one share of Class B Common Stock. The Reporting Person sold shares to the Underwriters in connection with the sale of shares of Class A Common Stock by the Reporting Person in the Issuer's public offering.

( 4 ) Shares held directly by Alison Gelb Pincus, Mark Pincus' spouse.

( 5 ) Shares held jointly by Mr. and Mrs. Pincus. Mr. Pincus holds shared voting and dispositive power with repect to the shares.

( 6 ) Shares held directly by Ogden Enterprises LLC. Mark Pincus serves as Manager and holds shared voting and dispositive power with respect to the shares held by Ogden Enterprises LLC.

**Reporting Owners**

| Reporting Owner Name / Address | Relationships | | | |
|---|---|---|---|---|
| | Director | 10% Owner | Officer | Other |
| **PINCUS MARK J**<br>**C/O ZYNGA INC.**<br>**699 EIGHTH STREET**<br>**SAN FRANCISCO, CA 94103** | X | X | **CEO, Chief Product Officer** | |

**Signatures**

| /s/ Mark J. Pincus | 4/3/2012 |
|---|---|
| ** Signature of Reporting Person | Date |

Reminder: Report on a separate line for each class of securities beneficially owned directly or indirectly.

\*      If the form is filed by more than one reporting person, *see* Instruction 4(b)(v).

\*\*     Intentional misstatements or omissions of facts constitute Federal Criminal Violations. *See* 18 U.S.C. 1001 and 15 U.S.C. 78ff(a).

Note:   File three copies of this Form, one of which must be manually signed. If space is insufficient, *see* Instruction 6 for procedure.

Persons who respond to the collection of information contained in this form are not required to respond unless the form displays a currently valid OMB control number.

**LIMITED POWER OF ATTORNEY FOR**

**SECTION 16 REPORTING OBLIGATIONS**

Know all by these presents, that the undersigned hereby makes, constitutes and appoints each of Reginald D. Davis, Chrystal Menard, Devang Shah, Karyn Smith, Sara Stapleton, Mark Vranesh and David M. Wehner as the undersigned's true and lawful attorney-in-fact, with full power and authority as hereinafter described on behalf of and in the name, place and stead of the undersigned to:

(1) prepare, execute, acknowledge, deliver and file Forms 3, 4, and 5 (including any amendments thereto) with respect to the securities of Zynga Inc., a Delaware corporation (the "Company"), with the United States Securities and Exchange Commission, any national securities exchanges and the Company, as considered necessary or advisable under Section 16(a) of the Securities Exchange Act of 1934 and the rules and regulations promulgated thereunder, as amended from time to time (the "Exchange Act");

(2) seek or obtain, as the undersigned's representative and on the undersigned's behalf, information on transactions in the Company's securities from any third party, including brokers, employee benefit plan administrators and trustees, and the undersigned hereby authorizes any such person to release any such information to the undersigned and approves and ratifies any such release of information; and

(3) perform any and all other acts which in the discretion of such attorney-in-fact are necessary or desirable for and on behalf of the undersigned in connection with the foregoing.

The undersigned acknowledges that:

(1) this Power of Attorney authorizes, but does not require, such attorney-in-fact to act in their discretion on information provided to such attorney-in-fact without independent verification of such information;

(2) any documents prepared and/or executed by such attorney-in-fact on behalf of the undersigned pursuant to this Power of Attorney will be in such form and will contain such information and disclosure as such attorney-in-fact, in his or her discretion, deems necessary or desirable;

(3) neither the Company nor such attorney-in-fact assumes (i) any liability for the undersigned's responsibility to comply with the requirement of the Exchange Act, (ii) any liability of the undersigned for any failure to comply with such requirements, or (iii) any obligation or liability of the undersigned for profit disgorgement under Section 16(b) of the Exchange Act; and

(4) this Power of Attorney does not relieve the undersigned from responsibility for compliance with the undersigned's obligations under the Exchange Act, including without limitation the reporting requirements under Section 16 of the Exchange Act.

The undersigned hereby gives and grants the foregoing attorney-in-fact full power and authority to do and perform all and every act and thing whatsoever requisite, necessary or appropriate to be done in and about the foregoing matters as fully to all intents and purposes as the undersigned might or could do if present, hereby ratifying all that such attorney-in-fact of, for and on behalf of the undersigned, shall lawfully do or cause to be done by virtue of this Limited Power of Attorney.

This Power of Attorney shall remain in full force and effect until revoked by the undersigned in a signed writing delivered to such attorney-in-fact.

IN WITNESS WHEREOF, the undersigned has caused this Power of Attorney to be executed as of this 6th day of January, 2012.

```
                              /s/ Mark J. Pincus
                              Mark J. Pincus
```