Joseph J. Tabacco, Jr. (SBN 75484)
Christopher T. Heffelfinger (SBN 118058)
Nicole Lavallee (SBN 165755)
Victor S. Elias (SBN 262269)
**BERMAN DEVALERIO**
One California Street, Suite 900
San Francisco, CA 94111
Telephone:  (415) 433-3200
Facsimile: (415) 433-6282
Email: jtabacco@bermandevalerio.com
       cheffelfinger@bermandevalerio.com
       nlavallee@bermandevalerio.com
       velias@bermandevalerio.com

Jeffrey M. Norton (Admitted *Pro Hac Vice*)
Roy Shimon (Admitted *Pro Hac Vice*)
**NEWMAN FERRARA LLP**
1250 Broadway, 27th Floor
New York, NY 10001
Telephone:  (212) 619-5400
Facsimile:  (212) 619-3090
Email: jnorton@nfllp.com
       rshimon@nfllp.com

Co-Lead Counsel and Attorneys for
Lead Plaintiff David Fee and Named Plaintiff Joy Arjoon-Singh

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE ZYNGA INC. SECURITIES LITIGATION | **CLASS ACTION** |
| | Lead Case No. 12-cv-04007-JSW |
| | Consolidated with Case Nos. 12-CV-4048-JSW, 12-CV-4059-JSW, 12-CV-4064-JSW, 12-CV-4066-JSW, 12-CV-4133-JSW, 12-CV-4250-JSW |
| This Document Relates To: All Actions. | **PLAINTIFFS' OPPOSITION TO ZYNGA DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED COMPLAINT** |
| | Date: August 30, 2013<br>Time: 9:00 a.m.<br>Courtroom: 11, 19th Floor<br>Judge: Hon. Jeffrey S. White |

1    Plaintiffs oppose Zynga Defendants' Request for Judicial Notice In Support of Their
2 Motion to Dismiss Plaintiffs' Consolidated Complaint ("Zynga RJN") (ECF No. 131) to the
3 extent that the Defendants seek to (i) offer into evidence documents for improper purposes; or
4 (ii) fail to state the purpose for which they offer these documents.

5 **I.    LEGAL STANDARDS**

6    A court may take judicial notice of facts outside the pleadings if those facts are "'not
7 subject to reasonable dispute' because they are either '(1) generally known within the territorial
8 jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to
9 sources whose accuracy cannot reasonably be questioned.'" *Belodoff v. Netlist, Inc.*, 2009 U.S.
10 Dist. LEXIS 39903, at *9-10 (C.D. Cal. Apr. 17, 2009) (quoting Fed. R. Evid. 201(b)) (citing
11 Fed. R. Civ. P. 12(b)).  In addition, the doctrine of incorporation by reference "permits a district
12 court to consider documents whose contents are alleged in a complaint and whose authenticity
13 no party questions, but which are not physically attached to the . . . pleadings." *Gammel v.
14 Hewlett-Packard* Co., 905 F. Supp. 2d 1052, 1061 (C.D. Cal. 2012) (citation and internal
15 quotation marks omitted).

16    It is important to note that, in any event, "courts may take judicial notice of '*undisputed*
17 matters of public record,' but generally may not take judicial notice of '*disputed* facts stated in
18 public records.'" *Maiman v. Talbott*, 2010 U.S. Dist. LEXIS 142712, at *21 (C.D. Cal. Aug. 9,
19 2010) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001)).

20    Moreover, the federal rules expressly provide that, as with evidence generally, the
21 matters to be judicially noticed must be relevant to the issues in the case.  Fed. R. Evid. 201(a)
22 ("This rule governs judicial notice of an *adjudicative fact* only") (emphasis added).  *See also*
23 Fed. R. Evid. 402; *In re Zoran Corp. Derivative Litig.*, 511 F. Supp. 2d 986, 1001 (N.D. Cal.
24 2007); *In re Immune Response Sec. Litig.*, 375 F. Supp. 2d 983, 996 (S.D. Cal. 2005).

25 **II.   ZYNGA'S RJN FOR CERTAIN DOCUMENTS SHOULD BE DENIED**

26    At first blush, it may appear that the documents can be judicially noticed and, in fact,
27 other than those which are completely irrelevant or unexplained by the Zynga Defendants,
28 Plaintiffs do not oppose the Court taking judicial notice of the *publication of, or existence of,*

*the statements in most* of the documents at issue. Nonetheless, to the extent the Zynga Defendants do not proffer the documents solely for these purposes, their request should be denied for several reasons.

First, several of the documents are being cited for the truth of the matter asserted:

- **Exhibit 1**. Zynga Defendants cite this document to proffer as true an irrelevant fact that is not in the Consolidated Complaint ("CC"). Zynga Br. 2:5-7. *See also reference to* Exhibit 17 and Zynga Br. 15:28-16:1. They also proffer this document for the truth of Zynga's statements with respect to bookings and DAU. Zynga Br. 13:1-3. They also proffer this document for the truth of Zynga's statements regarding its product launches. Zynga Br. 13:18-20.

- **Exhibit 3**. Zynga Defendants cite excerpts of filings with the Securities and Exchange Commission ("SEC") for the irrelevant purpose of asserting Ernst & Young LLP provided certain opinions regarding Zynga's financial statements. Zynga Br. at 2:22-25. *See also* reference to Exhibit 1. Zynga Defendants also proffer this document for the truth of the matter in an attempt to prove certain facts regarding the lock-up provisions. Zynga Br. 4:5-7. They also cite this document to proffer as true its representations regarding the purpose of the Secondary Offering. Zynga Br. 11:7-10.

- **Exhibit 4**. Zynga Defendants proffer this document for the truth of the matter asserted in an attempt to prove why they structured the release of the lock-up provisions in a certain manner. Zynga Br. 4:7-9, 4:10-18. They also proffer this document for the truth of Zynga's statements with respect to bookings and DAU. Zynga Br. 13:1-3. They also proffer this document for the truth of Zynga's statements regarding its product launches. Zynga Br. 13:18-20.

- **Exhibit 9**. Zynga Defendants cite excerpts of SEC filings for the irrelevant purpose of asserting Ernst & Young LLP provided certain opinions regarding Zynga's financial statements.

1  Zynga Br. 2:22-25.  They also proffer this document for the truth of Zynga's
2  statements with respect to bookings and DAU.  Zynga Br. 13:1-3.  They also
3  proffer this document for the truth of Zynga's statements regarding its product
4  launches.  Zynga Br. 13:18-20.  They also proffer this document to prove certain
5  facts regarding its revenues.  Zynga Br. 15:19-22.

6  • **Exhibit 15**.  Zynga Defendants cite this to proffer as true a fact that is not in the
7  Consolidated Complaint.  Zynga Br. 4:24-26.

8  These requests are thus improper.  *See Gammel*, 905 F. Supp. 2d at 1061 ("Because
9  item 3, [defendant's] March 11 Form 10-Q, is not referenced in Plaintiff's FAC, the Court may
10 not consider it under the incorporation by reference doctrine."); *Maiman*, 2010 U.S. Dist.
11 LEXIS 142712, at *21 ("while it may be appropriate to judicially notice the existence of SEC
12 filings and their contents, judicial notice should not be taken of the *truth* of their contents");
13 *Curry v. Hansen*, 2012 U.S. Dist. LEXIS 112449, at *10 (N.D. Cal. Aug. 10, 2012) (taking
14 judicial notice of defendants' SEC filings and conference call transcripts "for the fact that they
15 were made on the dates specified, but not for the truth of the matters asserted therein").

16 Second, the Zynga Defendants include a request that the Court take judicial notice of
17 certain documents in their RJN but fail to explain for what purpose in their memorandum of law
18 in support of their motion to dismiss.  *See* Exhibits 7, 8, 13, 16, 20-32.  Since they fail to explain
19 the purpose for which they proffer these documents, it is impossible to assess either the
20 propriety of the purpose or the relevance of the documents.  Accordingly, their RJN for Exhibits
21 7, 8, 13, 16, 20-32 should be denied.  *See In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054,
22 1076 (N.D. Cal. 2003) ("[E]ven if the Court could take judicial notice of the two documents at
23 issue, the Court would not do so.  Plaintiffs fail to explain how any of the cited or quoted
24 portions of these documents are relevant to the allegations in their complaint").

25 This is particularly true with respect to Exhibits 24 and 26-28, which are comprised of
26 stock purchases reflected in Forms 3 and Forms 4 not referenced in the Complaint.  *See*
27 *Maiman*, 2010 U.S. Dist. LEXIS 142712, at *20 ("The Court joins the courts that decline to take
28 judicial notice of defendants' stock purchases reflected in Forms 4."); *Gammel v. Hewlett-*

*Packard Co.*, 2013 U.S. Dist. LEXIS 68026, at *10 (C.D. Cal. May 8, 2013) (denying request to take judicial notice of executive's Form 4, which showed executive exercised stock options because "[t]his was not referenced in the SAC, so it may not be considered under the incorporation by reference doctrine").

**III.    CONCLUSION**

For these reasons, Plaintiffs respectively request that the Court deny, in part, Zynga's RJN.

DATED:  July 12, 2013                **BERMAN DEVALERIO**

By:  */s/ Nicole Lavallee*
         Nicole Lavallee

Joseph J. Tabacco, Jr.
Nicole Lavallee
Christopher T. Heffelfinger
Victor S. Elias
One California Street, Suite 900
San Francisco, CA 94111
Telephone:  (415) 433-3200
Facsimile: (415) 433-6282
Email: jtabacco@bermandevalario.com
           cheffelfinger@bermandevalario.com
           nlavallee@bermandevalario.com
           velias@bermandevalario.com

Jeffrey M. Norton (Admitted *Pro Hac Vice*)
Roy Shimon (Admitted *Pro Hac Vice*)
**NEWMAN FERRARA LLP**
1250 Broadway, 27th Floor
New York, NY 10001
Telephone:  (212) 619-5400
Facsimile:  (212) 619-3090
Email: jnorton@nfllp.com
           rshimon@nfllp.com

*Co-Lead Counsel and Attorneys for Lead Plaintiff David Fee and Named Plaintiff Joy Arjoon-Singh*