IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE ZYNGA INC. SECURITIES
LITIGATION

No. C 12-04007 JSW

This Document Relates To:
All Actions

**ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND**

Now before the Court are the motions to dismiss filed by defendants Zynga, Inc., Mark Pincus, David M. Wehner, John Schappert, Mark Vranesh, William Gordon, Reid Hoffman, Jeffrey Katzenberg, Stanley J. Meresman, Sunil Paul, and Owen Van Natta ("Zynga Defendants") and defendants Morgan Stanley & Co. LLC, Goldman, Sachs & Co., J.P. Morgan Securities LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated, Barclays Capital Inc., and Allen & Company LLC ("Underwriter Defendants") (collectively, "Defendants"). Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court GRANTS Defendants' motions to dismiss with leave to amend.

**BACKGROUND**

Founded in 2007, Zynga Inc. ("Zynga") develops, markets, and operate online social games played on social networking sites like Facebook and on mobile devices. (Consolidated Complaint ("CC") at ¶ 36.) Plaintiffs assert three claims under the Securities Act of 1933 (for

violations of Section 11, 12(a)(2) and 15) in connection with Zynga's initial and secondary public offerings and three claims under the Securities and Exchange Act of 1934 (for violations of Sections 10(b), 20(a), and 20A). Plaintiffs allege that leading up to Zynga's IPO and continuing throughout the class period, Defendants engaged in a deliberate scheme to mislead investors by portraying the online gaming company as financially strong in order to bring the company public and then allowing a select few Zynga insiders to reap proceeds from the sale of their personally-held Zynga stock before the stock price collapse. Plaintiffs allege that Defendants concealed internal, non-public information demonstrating that Zynga's bookings were declining and that there were significant product release delays and a planned platform change at Facebook that Defendants knew would negatively affect the company's business.

The Court will address additional facts as necessary in the remainder of this order.

## ANALYSIS

### A. Applicable Legal Standard on Motion to Dismiss.

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would

be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). However, documents subject to judicial notice may be considered on a motion to dismiss. In doing so, the Court does not convert a motion to dismiss to one for summary judgment. *See Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

**B.  Motions to Dismiss.**

### 1. Federal Rule of Civil Procedure 8.

Federal Rule of Civil Procedure 8 ("Rule 8") requires plaintiffs to "plead a short and plain statement of the elements of his or her claim." *Bautista v. Los Angeles County,* 216 F.3d 837, 840 (9th Cir. 2000). Rule 8 requires each allegation to be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Where the allegations in a complaint are "argumentative, prolix, replete with redundancy and largely irrelevant," the complaint is properly dismissed for failure to comply with Rule 8(a). *McHenry v. Renne,* 84 F.3d 1172, 1177, 1178-79 (9th Cir. 1996); *see also Nevijel v. North Coast Life Ins. Co.,* 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of complaint that was " 'verbose, confusing and almost entirely conclusory'"). "Something labeled a complaint but . . . prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint," and "impose[s] unfair burdens on litigants and judges." *McHenry,* 84 F.3d at 1179-80.

A complaint that fails to comply with Rule 8 may be dismissed pursuant to Federal Rule of Civil Procedure 41(b). "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *McHenry* 84 F.3d at 1179. Even if the factual elements of the cause of action are present, but are scattered throughout the

3

complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8 is proper. *Id*. at 1178.

At 386 paragraphs and 110 pages, Plaintiffs' complaint is excessively long and prolix. Further, it impermissibly includes factual allegations by reference. At the same time, despite the length of the complaint, Plaintiffs fail to include the relevant, basic factual details in support of their claims. Plaintiffs often group all of the defendants together and include by reference paragraphs in different sections of the complaint. In addition, the Court finds that the statements alleged to be misleading and reasons for their alleged falsity have not been alleged with the requisite level of specificity. *See, e.g., Plitcha v. SunPower Corp.*, 790 F. Supp. 2d 1012, 1016-17 (N.D. Cal. 2011); *see also Wenger v. Lumisys, Inc.*, 2 F. Supp. 2d 1231, 1244 (N.D. Cal. 1998) (gathering cases standing for the proposition that "[i]n the context of securities class action complaints, courts have repeatedly lamented plaintiffs' counsels' tendency to place 'the burden [] on the reader to sort out the statements and match them with the corresponding adverse facts to solve the 'puzzle' of interpreting Plaintiffs' claims."); *In re Conner Peripherals, Inc.*, 1996 WL 193811, at *1 (N.D. Cal. Jan. 18, 1996) ("The complaint as written requires the court to excavate for actionable claims . . . . Judicial resources are too scarce and worthy cases too pressing for a court to spend its time rooting around in bloated complaints drafted by experienced lawyers for a handful of actionable allegations.").

Because the Court must dismiss portions of the complaint for lack of standing, the Court exhorts Plaintiffs to redraft their complaint with simplicity, setting forth with specificity the material disputes clearly as against each of the particular defendants in order that the Court may adjudicate the merits of their remaining claims.

**2.     Standing to Pursue Section 11 Claims.**

Section 11 of the Securities Act of 1933 imposes liability on issuers, underwriters, and other participants in a public securities offering for any material misstatement of fact or material omission in the registration statement. 15 U.S.C. § 77k. To have standing to bring suit under Section 11, a plaintiff must have purchased a security "actually issued in the offering for which the plaintiff claims there was a false or otherwise misleading registration statement." *Guenther*

4

*v. Cooper Life Scis., Inc.*, 759 F. Supp. 1437, 1439 (N.D. Cal. 1990). "The burden of tracing shares to a particular public offering rests with plaintiffs." *Id.* "Plaintiffs' failure to plead the traceability of their shares means they lack *statutory* standing under § 11, but failure to allege statutory standing results in failure to state a claim on which relief can be granted, not the absence of subject matter jurisdiction." *See In re Century Aluminum Co. Securities Litig.*, 729 F.3d 1104, 1109 (9th Cir. 2013). The majority of courts considering class action complaint under Section 11 "have overwhelmingly held that the lead plaintiffs names in the complaint lack standing to challenge any offering through which no lead plaintiff actually purchased a security." *In re Wells Fargo Mortgage-Backed Certificates Litig.*, 712 F. Supp. 2d 958, 964 (N.D. Cal. 2010) (citations omitted). The "named plaintiffs are incompetent to allege an injury caused by the purchase of Certificates that they themselves never purchased." *Id.* (citing *In re Wash. Mut., Inc. Sec. Derivative & ERISA Litig.*, 259 F.R.D. 490, 504 (W.D. Wash. 2009).

Here, the named Plaintiffs do not allege that they purchased shares in the Secondary Offering and the certifications incorporated into the complaint demonstrate that they did not. (CC ¶¶ 34-35.) Defendants contend that Plaintiffs cannot trace their shares because when they bought the shares, Zynga had offered stock through multiple registration statements. The ability to have standing to bring a claim based on allegedly false statements in one registration statement does not grant statutory standing to bring a claims based on different registration statements for an offering in which the plaintiff did not purchase any securities. *See In re Century Aluminum*, 729 F.3d at 1109. *Cf NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 148-49 (2d Cir. 2012) (holding that named plaintiff in a mortgage-backed securities case had class standing on behalf of other certificate holders even where named plaintiff did not purchase in same offering). This Court finds, consistent with binding authority, that a plaintiff must demonstrate standing for each claim he seeks to press. *See In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*, 934 F. Supp. 2d 1219, 1229 (C.D. Cal. 2013) (holding that *NECA-IBEW* case is inconsistent with Supreme Court and Ninth Circuit precedent requiring that plaintiffs establish their requisite personal stake in the challenged offering at the outset).

5

Accordingly, the Court GRANTS the motions to dismiss the claims under Section 11 relating to the Secondary Offering.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motions to dismiss with leave to amend. Plaintiffs may file an amended complaint by no later than 21 days from issuance of this order. Defendants shall have 21 days thereafter to file their response.

**IT IS SO ORDERED.**

Dated: February 25, 2014



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE