1  JORDAN ETH (Bar No. 121617)
   Email: JEth@mofo.com
2  ANNA ERICKSON WHITE (Bar No. 161385)
   Email: AWhite@mofo.com
3  KEVIN A. CALIA (Bar No. 227406)
   Email: KCalia@mofo.com
4  MORRISON & FOERSTER LLP
   425 Market Street
5  San Francisco, California 94105-2482
   Telephone:    415.268.7000
6  Facsimile:    415.268.7522

7  Attorneys for Defendants
   ZYNGA INC., MARK PINCUS, DAVID M. WEHNER, and
8  JOHN SCHAPPERT

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12  IN RE ZYNGA INC. SECURITIES          CLASS ACTION
    LITIGATION
13                                       Lead Case No. C 12-04007 JSW

14                                       Consolidated with Case Nos.

15  This Document Relates To:            C 12-04048 JSW, C 12-04059 JSW,
    All Actions.                         C 12-04064 JSW, C 12-04066 JSW,
16                                       C 12-04133 JSW, C 12-04250 JSW

17                                       **NOTICE OF MOTION AND
                                         MOTION BY DEFENDANTS FOR
18                                       LEAVE TO FILE MOTION FOR
                                         RECONSIDERATION OF
19                                       MARCH 25, 2015 ORDER
                                         DENYING DEFENDANTS'
20                                       MOTION TO DISMISS**

21                                       Hearing:  No hearing set per L.R. 7-9(d)
                                         Judge:    Honorable Jeffrey S. White
22

23

24

25

26

27

28

1

## NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE
## MOTION FOR RECONSIDERATION

2

3

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

4

PLEASE TAKE NOTICE THAT Defendants Zynga Inc. ("Zynga"), together with Mark

5

Pincus, David M. Wehner, and John Schappert (the "Individual Defendants"), collectively

6

referred to herein as "Movants," shall and hereby do move pursuant to Northern District of

7

California Civil Local Rule ("Local Rule") 7-9(b) for leave to file a motion for reconsideration of

8

the Court's March 25, 2015 Order Denying Defendants' Motion to Dismiss ("Order") (Dkt. No.

9

176).  Pursuant to Local Rule 7-9(d), no response to this Motion for Leave need be filed and no

10

hearing held unless ordered by the Court.

11

The Court should grant Movants leave to file because the Order did not consider

12

dispositive legal arguments and material facts set forth in the Motion to Dismiss.  Civil L.R. 7-

13

9(b)(3).  This Motion for Leave ("Motion") is based upon this Notice of Motion and Motion and

14

supporting Memorandum of Points and Authorities, the papers and pleadings on file with the

15

Court, and such other written or oral argument as may be presented before the time this Motion is

16

taken under submission by the Court.

17

## MEMORANDUM OF POINTS AND AUTHORITIES

18

### STATEMENT OF ISSUE TO BE DECIDED

19

Should Movants be permitted to move for reconsideration of the Order, where the Order

20

does not address several dispositive legal arguments and/or material facts asserted by Movants in

21

their Motion to Dismiss and Request for Judicial Notice?

22

23

24

25

26

27

28

**BACKGROUND**

In his First Amended Complaint ("Complaint"), Plaintiff alleges that Zynga made misleading statements about the strength of Zynga's bookings when it reported its Q4 2011 and Q1 2012 financial results, its pipeline of games, its 2012 guidance, and the risk that Facebook could make changes to Facebook's platform. On May 2, 2014, Movants filed a motion to dismiss the Complaint, arguing that Plaintiff had failed to plead (1) particularized facts establishing that Zynga's statements were false and misleading, (2) a strong inference of scienter, and (3) loss causation. (Dkt. No. 158.) As to Plaintiff's bookings and Facebook allegations, Movants made several, independent arguments as to why Plaintiff had failed to meet his burden of pleading falsity.

On September 15, 2014, the Court vacated the hearing on the Motion to Dismiss and took the motion under submission. (Dkt. No. 172.) On March 25, 2015, the Court denied in part Movants' Motion to Dismiss. Although the Court found that Plaintiff had not adequately pled falsity as to his pipeline allegations, the Court found that Plaintiff had adequately pled falsity and loss causation as to his bookings, Facebook, and guidance allegations. In so ruling, however, the Court did not address Movants' independently dispositive arguments regarding Plaintiff's bookings and Facebook claims that are set forth below.[1] In addition, as to Plaintiff's loss causation argument, the Order applied Rule 8's "short and plain statement," although the Ninth Circuit recently confirmed that Rule 9(b) applies to pleading loss causation. *Or. Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*, 774 F.3d 598, 605 (9th Cir. 2014).

**ARGUMENT**

**I.     THE COURT DID NOT CONSIDER MATERIAL FACTS OR DISPOSITIVE LEGAL ARGUMENTS REGARDING BOOKINGS**

The Court did not consider two of Movants' dispositive legal arguments regarding

---

[1] The Court found that Plaintiff had adequately pled misrepresentations about Zynga's 2012 guidance because it had already found "that the statements about bookings and the failure to warn about known Facebook platform changes constitute potentially actionable misrepresentations." (Dkt. No. 176 at 10–11.) Thus, if Plaintiff has not adequately pled misrepresentations about bookings and the Facebook change, he also has not adequately pled misrepresentations about guidance.

bookings, both of which provide an independent basis for dismissing Plaintiff's bookings claim.

### A. The Court Did Not Consider Zynga's Undisputed Record Bookings Results Under the Doctrine of Incorporation by Reference.

On February 14, 2012, Zynga announced its financial results for Q4 2011 and full year 2011. (Compl. ¶ 89.) For Q4 2011, Zynga reported record bookings of $306.5 million, up 7% from the prior quarter. (Dkt. No. 160-9 at 1.) On April 26, 2012, Zynga announced its financial results for Q1 2012, again reporting record results, including bookings of $329 million, up 7% from Q4 2011. (Compl. ¶ 105; Dkt. No. 160-11 at 1.) During the earnings calls and in its press releases, Movants described Zynga's Q4 2011 and Q1 2012 results as "strong," "record," and "growing." (*See* Compl. ¶¶ 90, 106, 117.) According to Plaintiff, these descriptions of the financial results were false and misleading because several CWs claim that bookings were declining. (Compl. ¶¶ 92, 110.)

The Court held that Plaintiff had sufficiently alleged that Zynga's characterizations of its record bookings were misrepresentations. Plaintiff, however, never challenged the reported results for Q4 2011 and Q1 2012, *which were, in fact, record.*[2] (*Compare* Compl. ¶¶ 90, 92 *with* Dkt. No. 160-13 at 5–6; *compare* Compl. ¶¶ 105–06, 110 *with* Dkt. No. 160-11 at 1–2; 160-14 at 3.) Nowhere in the Complaint does Plaintiff allege that Zynga's audited financial statements, and the reporting thereof, were false or misleading. As Movants showed (and Plaintiff did not address), as a matter of law, statements characterizing bookings as "strong" are not materially misleading when they reflect record results. (Dkt. No. 158 at 7.)[3]

---

[2] Indeed, if Plaintiff were to dispute Zynga's reported financials, which he has not, he would face specific pleading requirements. He would have to plead "(1) 'such basic details as the approximate amount by which revenues and earnings were overstated'; (2) 'the products involved in the contingent transaction'; (3) 'the dates of any of the transactions'; or (4) 'the identities of any of the customers or [company] employees involved in the transactions.'" *In re Daou Sys., Inc.*, 411 F.3d 1006, 1016 (9th Cir. 2005) (citations omitted). Plaintiff pleads no such thing.

[3] Movants also showed, which the Order did not address, that the challenged statements describing Zynga's bookings as "strong," "record," and "growing" were not actionable as a matter of law as business puffery. (Dkt. No. 158 at 6 n.2.) The Order found that similar statements regarding the strength of Zynga's pipeline were not actionable: "Regardless of the ultimate veracity of the company's enthusiasm, the type of representations about the pipeline of games as 'strong,' 'robust,' and 'very healthy' is not actionable as a matter of law as business puffery." (Dkt. No. 176 at 9.)

1    Fundamental to the Court's holding was its decision not to consider Zynga's reported

2    results for Q4 2011 and Q1 2012.  The court found that "because Plaintiff contests the accuracy

3    of the contents of the company's public filings, the Court does not adopt the representations made

4    in the documents for the truth of the matters asserted."  (Dkt. No. 176 at 7 n.1.)  In support of its

5    decision, the Court cited to *In re Countrywide Financial Corp. Securities Litigation*, 588 F. Supp.

6    2d 1132, 1160 (C.D. Cal. 2008).  *In re Countrywide*, however, does not address incorporation by

7    reference; it instead addresses judicial notice.  Movants, by contrast, asked the Court to consider

8    the reported results under the incorporation by reference doctrine.  (Dkt. No. 159 at 1, 3.)

9    Under incorporation by reference, if three conditions are met, incorporated documents

10   may be treated as "part of the complaint."  (Dkt. No. 167 at 2–3.)  Movants showed (and Plaintiff

11   never disputed) that these conditions are met here—(1) the Complaint referred to the earnings

12   calls and press releases, (2) they were central to Plaintiff's claims, and (3) there was no challenge

13   to the authenticity of the exhibits.  (Dkt. 167 at 3.)  *Unlike judicial notice*, where courts "generally

14   take notice only of their existence, not the truth of their representations," "where a document is

15   incorporated by reference, it becomes part of the complaint and the court accordingly assumes the

16   truth of its contents for the purposes of ruling on motion to dismiss."  *In re Ubiquiti Networks,*

17   *Inc. Sec. Litig.*, 33 F. Supp. 3d 1107, 1119 n.2 (N.D. Cal. 2014).  What that means here is that the

18   Court should have considered as true Zynga's reported booking results for Q4 2011 and Q1 2012.

19   *See In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1057–58 & nn.10 & 12 (9th Cir. 2014) (cited

20   in Dkt. No. 173-1); *City of Royal Oak Ret. Sys. v.Juniper Networks, Inc.*, 880 F. Supp. 2d 1045,

21   1058–59 (N.D. Cal. 2012) (assuming contents of SEC filings incorporated by reference as true).

22   As Movants demonstrated, this principle applies to motions to dismiss securities class

23   actions, where SEC filings, press releases, and earnings calls are referenced in the complaint.

24   (Dkt. No. 167 at 2–3.)  For example, in *Ubiquiti*, the plaintiffs alleged that statements in SEC

25   filings, a press release, and earnings calls misrepresented the economic harm of counterfeiting.

26   Those same incorporated documents, however, "establish[ed] that Ubiquiti's . . . financial results

27   were, overall, positive."  33 F. Supp. 3d at 1136.  Because "Plaintiffs [did] not meaningfully

28   engage with the implications of Ubiquiti's overall positive financial performances," the complaint

1   failed to plead scienter. *Id.* at 1136–37. *See also In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d

2   970, 986 (9th Cir. 1999) (where plaintiff relies on SEC filings, plaintiff can "hardly complain

3   when [defendants] refer to the same information in their defense"); (Dkt. No. 167 at 2). The

4   Court (and Plaintiff) did not address any of Movants' on-point cases.

5          By failing to consider the contents of incorporated documents, the Order ignores the key

6   fact that Zynga's reported financials contradict the allegations that bookings were declining. (*See*

7   Dkt. No. 158 at 7; Dkt. No. 166 at 3.) As Movants demonstrated, courts need not accept "as true

8   conclusory allegations [that] are contradicted by documents referred to in the complaint."

9   *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted); *see also*

10  *Police Ret. Sys. of St. Louis v. Intuitive Surgical, Inc.*, No. 10–CV–03451–LHK, 2012 WL

11  1868874, at *14–16 (N.D. Cal. May 22, 2012) (failure to disclose trends was not misleading

12  where challenged statements correctly stated company's financial results); (Dkt. No. 158 at 7;

13  Dkt. No. 159 at 3 n.2).

14         **B.     The Court Did Not Consider the Material Fact That No Confidential Witness
                    Alleged that Bookings Declined During the Class Period.**
15

16         In its Order, the Court states that CWs "allege[ ] that the bookings were in fact declining

17  during the class period." (Dkt. No. 176 at 7.) As Movants showed, however, none of the CWs

18  allege that bookings were declining during the class period of February 14, 2012 to July 25,

19  2012.[4] (Dkt. No. 158 at 7; Dkt. No. 166 at 3.) The CWs instead allege declines in 2011 or early

20  January 2012. (*See* Compl. ¶¶ 68 ("mid-2011"), 69 ("mid-2011"), 70 ("during Q3 2011 and Q4

21  2011"), 82 ("late 2011 and into 2012"), 86 ("January 2012").) Not one says anything about

22  bookings during the class period. To plead falsity, Plaintiff must allege why the challenged

23  statements were false or misleading at the time they were made. *In re Rigel Pharm., Inc. Sec.*

24  *Litig.*, 697 F.3d 869, 876 (9th Cir. 2012). Here, Plaintiff has not alleged how statements made

25  between February 14 and July 25, 2012 were false or misleading when they were made because

26

27         [4] In the previous and dismissed complaint, plaintiff alleged a longer class period of
    December 15, 2011 to July 25, 2012. The previous class period started two months earlier and
28  included the time periods referred to by the CWs.

1    the CWs have nothing to say about bookings past January 2012.[5]

2          The Order does not address the material fact of whether the CWs actually made

3    statements about bookings declining during the class period.

4    **II.    THE COURT DID NOT CONSIDER THE MATERIAL FACT THAT NO CW**
         **ALLEGED THAT DEFENDANTS KNEW ABOUT A HARMFUL FACEBOOK**
5        **PLATFORM CHANGE.**

6          Plaintiff contends that the Defendants "failed to disclose that Facebook was actually

7    changing its platform in a way that would materially harm Zynga's business."  (Compl. ¶ 18.)  In

8    holding that Plaintiff had made out sufficient allegations about changes to the Facebook platform,

9    the Court noted that the only CW who made any statement regarding Facebook, CW6, "states that

10   Zynga knew Facebook was changing its platform in a way that would *negatively impact*

11   bookings."  (Dkt. No. 176 at 9 (emphasis added).)  CW6, though, does not actually allege that.

12         As Movants established, CW6 did not allege that Defendants knew about a *harmful*

13   Facebook platform change.  (Dkt. No. 158 at 10–11; Dkt. No. 166 at 7–8.)  The Complaint alleges

14   only that "CW6 stated that Zynga was first informed that Facebook was planning to launch a

15   platform change *that would impact Zynga's games* in April 2012."  (Compl. ¶ 85 (emphasis

16   added).)  CW6 says nothing about whether the impact would be helpful, harmful, small, or large.

17   (*See also* Compl. ¶¶ 19, 131 (CW6 said "he/she was first informed that Facebook was planning to

18   launch a platform change that would impact Zynga's games in April 2012").)

19         The Order does not consider that CW6's allegation makes no reference to any negative or

20   adverse impact.

21   **III.   THE COURT DID NOT CONSIDER WHETHER LOSS CAUSATION WAS**
         **ADEQUATELY PLED UNDER THE HEIGHTENED PLEADING STANDARD**
22

23         While the Motion to Dismiss was under submission, the Ninth Circuit raised the pleading

24   standard for loss causation.  The heightened pleading standard of "Rule 9(b) [now] applies to all

25   elements of a securities fraud action, including loss causation."  *Or. Pub. Emps. Ret. Fund v.*

26   _____

27         [5] As stated above, Movants' February 14, 2012 statements about "strong" bookings
     related to Zynga's record financial results for Q4 2011. To the extent Plaintiff argues that these
     statements refer to Zynga's bookings during Q1 2012 as of February 14, 2012, for the reasons
28   described above, no CW says anything about bookings at this time.

1  *Apollo Grp. Inc.*, 774 F.3d 598, 605 (9th Cir. 2014) ("*Apollo*") (cited in Dkt. No. 175-1).  The

2  Order, however, which does not cite *Apollo*, relies on the outdated standard under which "a

3  plaintiff must be able to provide a 'short plain statement.'"[6]  (Dkt. No. 176 at 13–14.)  The Order

4  thus should have applied *Apollo* and analyzed Plaintiff's loss causation allegations under the

5  heightened pleading standard.  Had the Court done so, it would have found that Plaintiff had not

6  adequately pled loss causation.

7                                    **CONCLUSION**

8         Reconsideration is warranted to consider dispositive legal arguments and material facts

9  demonstrating that the Complaint has not pled with particularity that Zynga's statements

10  regarding bookings or the Facebook platform change were false or misleading.  It is also

11  warranted to consider the dispositive legal argument that Plaintiff has not pled loss causation with

12  specificity.  For all of the foregoing reasons, Movants respectfully request that the Court grant

13  Movants leave to file a motion for reconsideration.

14  Dated: April 21, 2015                    MORRISON & FOERSTER LLP

15

16                                   By:    /s/   *Anna Erickson White*
                                           Anna Erickson White

17
                                           Attorneys for Defendants
18                                         ZYNGA INC., MARK PINCUS, DAVID M.
                                           WEHNER, and JOHN SCHAPPERT

19

20

21

22

23

24

25

26

---

27         [6] The Order cites to *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 346–47 (2005).
   *Dura*, however, did not decide the standard for pleading loss causation.  Instead, the *Dura* court
28  assumed "at least for argument's sake" that a "short and plain statement" might apply.  *Id.* at 346.

1

**ECF ATTESTATION**

2

I, Kevin A. Calia, am the ECF User whose ID and Password are being used to file this:

3

**NOTICE OF MOTION AND MOTION BY DEFENDANTS**
**FOR LEAVE TO FILE MOTION FOR**

4

**RECONSIDERATION OF MARCH 25, 2015 ORDER**
**DENYING DEFENDANTS' MOTION TO DISMISS**

5

In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that Anna Erickson White

6

has concurred in this filing.

7

8

9

Dated:  April 21, 2015                    MORRISON & FOERSTER LLP

10

By:    /s/ *Kevin A. Calia*
_____
Kevin A. Calia

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28