UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE ZYNGA INC. SECURITIES LITIGATION

Case No. 12-cv-04007-JSC
Consolidated with Case Nos.
12-CV-4048-JSC; 12-CV-4059-JSC;
12-CV-4064-JSC; 12-CV-4066-JSC;
12-CV-4133-JSC; 12-CV-4250-JSC

**ORDER FOR SUPPLEMENTAL BRIEFING ON MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Re: Dkt. No. 205

Lead Plaintiff David Fee ("Lead Plaintiff") seeks preliminary approval of a class action settlement in this pre-certification securities litigation action. The Court heard oral argument regarding the motion for preliminary approval on October 8, 2015 and raised several questions with Lead Plaintiff.

First, Lead Plaintiff's proposed Plan of Allocation provides for a lower rate of recovery for shares of Zynga common stock purchased between December 15, 2011 and the close of trading on February 14, 2012 (the Earlier Period) than for shares purchased after the close of trading on February 14, 2012 through the close of trading on July 25, 2012 (the Class Period). In his motion, Lead Plaintiff contends that the Settlement Class Members in the Earlier Period receive a smaller per-share recovery because their claims are weaker, evidenced by the fact that their claims were dismissed from the initial consolidated complaint and are not part of the operative pleading. But the district court's order dismissed the entire initial consolidated complaint, not just those from the Earlier Period. (Dkt. No. 152.) Lead Plaintiff chose not to replead the Earlier Period claims. (Dkt. No. 155.) Lead Plaintiff must file a supplemental submission that provides a more forthright and robust explanation reflecting the procedural history and Lead Plaintiff's position on why the

1  Earlier Period claims are weaker. In addition, in the supplemental submission Lead Plaintiff shall
2  make clear when he bought and sold his shares of Zynga common stock—*i.e.*, to the extent his
3  claims fall in the Earlier Period or the Class Period. The Notice shall be amended to accurately
4  reflect the procedural history.
5      Second, the initial Stipulation and Notice required that all Settlement Class Members
6  submit their claim forms by mail. In response to questioning from the Court, Lead Plaintiff agreed
7  that Settlement Class Members may submit their claim forms electronically. The Stipulation and
8  Notice should be amended to reflect this change.
9      Third, the Notice is not entirely accurate regarding Settlement Class Members' opportunity
10 to object. The objection provision reads in relevant part:

> You can ask the Court to deny approval by filing an objection. You cannot ask the Court to order a larger settlement or otherwise modify the Settlement; the Court can only approve or deny the Settlement. If the Court denies approval, no Settlement payments will be sent out and the Action will continue. If this is what you want to happen, you must object.

15 (Dkt. No. 206-1 at 58.) While technically true, the parties' language as currently written fails in
16 this paragraph to notify Settlement Class Members that they can object to the amount of attorneys'
17 fees and costs sought. The Notice should also include the deadline for Lead Counsel's attorneys'
18 fees motion and note that the motion and supporting materials will be available for viewing on the
19 Claims Administrator's website. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988,
20 993-94 (9th Cir. 2010) (holding that under Rule 23(h), class members must be given a full and fair
21 opportunity to examine and object to attorneys' fees motions); *see, e.g.*, *Hendricks v. StarKist Co.*,
22 No. 13-cv-00729-HSG, 2015 WL 4498083, at *9 (N.D. Cal. July 23, 2015) (requiring the class
23 notice to state the deadline for a motion for attorneys' fees and informing class members that the
24 motion and supporting materials would be available on the class website). Lastly, the Notice
25 makes no mention of any objections to the Plan of Allocation. The Notice shall be amended to
26 advise of the possibility of such objection or Lead Plaintiff shall explain to the Court why such
27 notice is not required.
28     Fourth, Lead Plaintiff shall clarify that the relevant pleadings will be available on the

Claims Administrator's website and, of course, shall make the pleadings so available.

Lead Plaintiff shall submit an amended stipulation and Notice and other filing that addresses these issues by **October 15, 2015**.  Lead Plaintiff shall submit a red-lined version of any amended stipulation and proposed notice.  In addition, the Stipulation provides that Defendants may terminate the parties' agreement if more than a certain threshold number of Settlement Class Members seek exclusion from the class.  The number is specified in a Supplemental Agreement.  Lead Plaintiff shall submit the Supplemental Agreement to the Court also by **October 15, 2015**.  As stated on the record in open court, Lead Plaintiff may file the Supplemental Agreement under seal.  Upon receipt of these supplemental filings, the Court will take Lead Plaintiff's motion for preliminary approval under submission.

**IT IS SO ORDERED**.

Dated:  October 9, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge