C. Benjamin Nutley (177431)
nutley@zenlaw.com
1055 E. Colorado Blvd., 5th Floor
Pasadena, California  91106
Telephone:  (626) 204-4060
Facsimile:  (626) 204-4061

John W. Davis (200113)
john@johnwdavis.com
LAW OFFICE OF JOHN W. DAVIS
501 W. Broadway, Suite 800
San Diego, California  92101
Telephone: (619) 400-4870
Facsimile: (619) 342-7170

Attorneys for The Isaacson-Weaver Family Trust

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE ZYNGA INC. SECURITIES LITIGATION | Lead Case No. 12-cv-04007-JSC<br><br>Consolidated with Case Nos.<br>12-cv-4048-JSC; 12-cv-4059-JSC;<br>12-cv-4064-JSC; 12-cv-4066-JSC;<br>12-cv-4133-JSC; 12-cv-4250-JSC<br><br>**CLASS ACTION**<br><br>**NOTICE OF REQUEST FOR EXCLUSION FROM THE PROPOSED ZYNGA INC. SECURITIES LITIGATION SETTLEMENT CLASS** |

1       On January 12, 2016, the Isaacson-Weaver Family Trust ("Family Trust"), then a putative
2  class member in the above-captioned matter, filed a Preliminary Objection to Stipulation of
3  Settlement and Notice of Intent to Appear. *See* Doc. No. 220.  The Family Trust's leading
4  objection was that late mailing of the class notice gave class members such as the Family Trust
5  insufficient time to consider their options. In light of the inadequate time, the Family Trust
6  specifically "reserve[d] the right to amend and refine its objections." *Id*. at 8.

7       The parties to the proposed Settlement apparently agreed that more time was needed.   On
8  January 14, 2016, they filed a Stipulation and Proposed Order Modifying the Schedule Concerning
9  Settlement ("Stipulation"), acknowledging that late notice to the class had afforded class members,
10 such as the Family Trust, insufficient time to respond on a fully informed basis. *See* Doc. No.
11 223. To remedy this, the parties sought "modification of the schedule for Settlement Class
12 Members to submit claim forms, request exclusion from the Settlement, or object to the
13 Settlement, Plan of Allocation, or request for attorneys' fees and reimbursement of litigation
14 expenses and rescheduling the Final Approval Hearing." *Id*. at 1.  "Lead Plaintiff and Defendants
15 request[ed] (1) an extension of the deadline for Settlement Class Members who were impacted by
16 this delay to submit a claim, request exclusion or object . . . ." *Id*. at 3.

17      On January 14, 2016, this Court approved the parties' stipulation and entered an order
18 extending to January 29, 2016, the time for putative class members to object or request exclusion
19 from the settlement class.   Doc. No. 224.

20      The Family Trust and its counsel took advantage of the additional time to review the
21 proposed settlement in light of the entire record – including the fact that Plaintiffs had actually
22 dropped claims of early purchasers such as the Family Trust from the operative complaint,
23 shortening the class period to February 14, 2012, through July 25, 2012, in order to pursue only
24 what class counsel regarded as the strongest claims.  This likely explains why the Plan of
25 Allocation gives so little to the early purchasers, such as the Family Trust:  class counsel did not
26 believe those claims were even worth pursuing.

27           After additional deliberation, the Family Trust decided that it does not wish to challenge
28 the amount allocated to early purchasers under the Plan of Allocation. Neither does it wish to

Notice of Opt-Out                                                      Lead Case No. 12-cv-04007-JSC

Page 1

1 | challenge the settlement's overall adequacy.

2 | But it also decided that it does not wish to participate in the settlement of claims that
3 | class counsel did not think were worth pursuing.  The Family Trust has therefore informed its
4 | counsel that it sent a request to the Zynga Securities Litigation Claims Administrator on January
5 | 28, 2016, formally asking that it be excluded from the proposed Settlement Class.  No party or its
6 | counsel made any payment, or agreed to make any payment of any kind, to the Family Trust or to
7 | its counsel in order to induce it to seek exclusion from the class action.

8 | Undersigned counsel also advises this Court that, with its exclusion from the class, the
9 | Family Trust has lost standing to object to any aspect of the proposed settlement that will not bind
10 | it.  *See, e.g., In re Equity Funding Corp. of America Sec. Lit.,* 603 F. 2d 1353, 1360-61 (9th Cir.
11 | 1979) (one who is not a class member potentially bound by a settlement "lacks standing to
12 | object.").  Accordingly, having timely requested exclusion from the class, the Family Trust will
13 | not appear through counsel at the rescheduled settlement-approval hearing.

Dated:  February 2, 2016            /s/ C. Benjamin Nutley

C. Benjamin Nutley (177431)
nutley@zenlaw.com
1055 E. Colorado Blvd., 5th Floor
Pasadena, California  91106
Telephone:  (626) 204-4060
Facsimile:  (626) 204-4061

*Attorney for The Isaacson-Weaver Family Trust*